## United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 7108 | DATE | 5/16/2000 |
| CASE TITLE | Michael J. Vallone et al. Vs. CNA Financial Corp. etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. CNA moves for a protective order to stay or limit discovery. Plaintiffs respond with a motion to compel discovery. Both motions are granted in part and denied. in part. Status hearing set for June 1, 2000 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 17 2000 | |
| ✓ | Docketing to mail notices. | | | 44 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 00 MAY 16 PM 1:55 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL J. VALLONE, et al., )
)
Plaintiff, )
)
vs. ) No. 98 C 7108
)
CNA FINANCIAL CORPORATION, )
a/k/a CNA Casualty of Illinois, et al., )
)
Defendants. )

DOCKETED
MAY 17 2000

## MEMORANDUM OPINION AND ORDER

Plaintiffs Michael J. Vallone, Joyce E. Heidemann and James O'Keefe (collectively "plaintiffs") bring this putative class action lawsuit against defendants CNA Financial Corporation and the Continental Insurance Company (collectively "CNA") alleging violations of Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, and state common law. CNA moves for a protective order to stay or limit discovery. Plaintiffs respond with a motion to compel discovery. For the reasons stated below, both motions are granted in part and denied in part.

## BACKGROUND

The factual background underlying this lawsuit was described in our prior order denying CNA's motion to dismiss, and therefore our summary here will be brief. Plaintiffs are former employees of CNA who elected to take early retirement from the company in 1992 pursuant to a Voluntary Special Retirement Program (VSRP). The VSRP provided early retirees with special health care benefits that differed from the benefits extended to regular retirees under CNA's Comprehensive Health Care and Dental Plan (the Plan). On December

44

31, 1998, CNA terminated the Retiree Health Care Allowance, a subsidy provided by the company to help offset the costs of health care benefits for its retirees. Upset by this action, some individuals who had taken early retirement under the VSRP complained to CNA, arguing that early retirees were given a lifetime health care allowance that was not subject to change. Specifically, plaintiffs Vallone and Heidemann telephoned CNA officials to complain about the termination of benefits but were told that CNA's actions were appropriate and final. Two other early retirees, Bernard A. Serek and Thomas L. Jones,[1] filed written appeals to the Plan Administrator. The Plan Administrator rejected their pleas, stating that early retirees were not provided with a lifetime health care allowance and that CNA's decision to terminate those subsidies was appropriate and final. This lawsuit ensued.

Shortly after the complaint was filed CNA moved to dismiss. It argued that dismissal was warranted because plaintiffs had not exhausted the Plan's administrative appeal procedures before filing their lawsuit. In rebuttal, plaintiffs argued that the VSRP was a separate contract and therefore the Plan's appeal procedures did not apply to early retirees. We held that while the Plan's appeal procedures applied to early retirees and plaintiffs had a legal obligation to exhaust those procedures prior to seeking judicial relief, plaintiffs' failure to do so would be excused as futile since plaintiffs had unsuccessfully complained to CNA officials about the termination of benefits, and other early retirees (*i.e.*, Serek and Jones) had exhausted the Plan's procedures by unsuccessfully filing written appeals with the Plan Administrator. Vallone v. CNA Financial Corp., 76 F. Supp. 2d 864 (N.D. Ill. 1999).

---

[1] While Serek and Jones are members of the putative plaintiffs class, they are not named as plaintiffs in this lawsuit.

Therefore, we denied CNA's motion to dismiss.

CNA now seeks to shape the contours of discovery in this case.. Pursuant to Rule 26(c), CNA asks us to stay all discovery until we resolve its motion for summary judgment (which was filed on February 14, 2000), or, in the alternative, to limit discovery to the record developed during the administrative appeals of Serek and Jones. *See* Fed.R.Civ.P. 26(c). Not surprisingly, plaintiffs oppose this request and have moved to compel discovery under Rule 56(f). *See* Fed.R.Civ.P. 56(f).

## DISCUSSION

CNA argues that we should immediately resolve plaintiffs' claims, taking into account only those materials that were before the Plan Administrator when he reviewed the written appeals of Serek and Jones. In support of its argument CNA relies on the recent Seventh Circuit opinion in Perlman v. Swiss Bank Comprehensive Disability, 195 F.3d 975, 981-82 (7th Cir. 1999). There, the court held that where an ERISA plan provides the plan administrator with discretion to decide claims, courts should review his decisions under a deferential standard and the parties should not take additional discovery. *See also* Trombetta v. Cragin Fed. Bank for Savings Employee Stock Ownership Plan, 102 F.3d 1435, 1438 n.1 (7th Cir. 1997). Based on Perlman and Trombetta, CNA argues that we should resolve plaintiffs' complaint by reviewing the Plan Administrator's decisions rejecting the written appeals of Serek and Jones. Moreover, CNA urges us to review the Plan Administrator's rulings under a deferential standard and therefore limit or bar plaintiffs' ability to take discovery.

The Plan Administrator's decisions regarding the appeals of Serek and Jones directly impact plaintiffs' lawsuit. Indeed, in our prior order we excused plaintiffs' failure to exhaust

the Plan's appeal procedures partly because the arguments raised by plaintiffs had already been raised (and lost) by Serek and Jones in their administrative appeals. *See* Vallone, 76 F. Supp. 2d at 868. While we refused to punish plaintiffs for failing to exhaust their administrative remedies, we also will not reward plaintiffs for their lack of action by allowing them to start from scratch in federal court. The Plan Administrator has rendered his decisions regarding the claims of early retirees, and we will resolve plaintiffs' complaint by reviewing his decisions.

As CNA correctly points out, the Plan confers on the Plan Administrator the discretion to make determinations regarding benefits. The Plan Administrator exercised this discretion when he rejected the written appeals of Serek and Jones. Therefore, we are to evaluate the Plan Administrator's decisions under an arbitrary and capricious standard of review. *See* Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 114-15 (1989). When conducting such a review, we are limited to the administrative record that was before the Plan Administrator. *See* Perlman, 195 F.3d at 981-82; Trombetta, 102 F.3d at 1438 n.1. Thus, the relevant evidence upon which we are to resolve this case consists of those materials that were in the administrative record when the Plan Administrator decided the written appeals of Serek and Jones.

However, this conclusion does not justify barring all discovery. Since plaintiffs were not directly involved in the administrative appeals of Serek and Jones, they may not presently possess or have access to all of the administrative record. Plaintiffs are entitled to that administrative record and CNA is hereby ordered to produce it to plaintiffs. Also, we assume that all written materials germane to the interpretation of the VSRP and the Plan were

contained in the administrative record. While the analogy between ERISA and the Social Security Act (SSA) drawn in <u>Perlman</u> may be an imperfect one (*see id.*, 195 F.3d at 978-80, 984-85), we note that an administrative law judge under the SSA has an affirmative obligation to develop a full and fair record, especially when a claimant is not in a position to do so. *See* <u>Thompson v. Sullivan</u>, 933 F.2d 581, 585-86 (7th Cir. 1991). This duty has resonance in the ERISA context and the record assembled by the Plan Administrator should be complete. If, after reviewing the record, plaintiffs have reason to believe that all relevant written materials were not contained therein (or that there was some other impropriety – *e.g.*, that the appeal "was thrown in the trash rather than evaluated on the merits," <u>Perlman</u>, 195 F.3d at 982), plaintiffs can at that time make an appropriate motion. For now, discovery of the administrative record is enough.

## CONCLUSION

For the reasons set forth above, CNA's motion is granted insofar as it seeks to limit discovery to the administrative record and otherwise denied. Plaintiffs' motion, similarly, is granted insofar as it seeks to compel discovery of the administrative record, but otherwise denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 16, 2000.