


# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7108 | **DATE** | 3/19/2002 |
| **CASE TITLE** | Michael J. Vallone et al. Vs. CNA Financial Corp. etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to compel plaintiffs to supplement their responses to defendants' interrogatories and document request is granted. Status hearing set for March 26, 2002 at 9:15am. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 20 2002 | |
| | Notified counsel by telephone. | | date docketed | 102 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 MAR 19 PM 3:27 | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL J. VALLONE and JOYCE E. )
HEIDEMANN, and JAMES O'KEEFE, on )
behalf of themselves and all other Plaintiffs )
similarly situated known and unknown, ) No. 98 C 7108
)
Plaintiffs, ) Honorable James B. Moran
)
v. )
)
CNA FINANCIAL CORPORATION, a/k/a )
CNA Casualty of Illinois, and The )
CONTINENTAL INSURANCE COMPANY, )
and all their subsidiaries, parent companies, )
partnerships, and corporations, )
)
Defendants. )

DOCKETED
MAR 2 0 2002

## MEMORANDUM OPINION AND ORDER

Defendants' motion to compel plaintiffs to supplement their responses to defendants' interrogatories and document request is granted. If those who returned questionnaires were putative class members, no privilege would have attached. In re McKesson HBOC, Inc., 126 F.Supp. 2d 1239, 1245 (N.D. Cal. 2000); Penk v. Oregon State Board of Education, 99 F.R.D. 511, 516 (D. Or. 1983). And even if there were an attorney-client privilege, it would not protect the factual content of the questionnaires even though it protected the way factual content was expressed in any particular response. Penk, *supra*. Nor is there a work product privilege because the responses were prepared by the persons responding, not by attorneys, to a previously disclosed form questionnaire.

Should we confine discovery to the factual content of the questionnaires but not require the production of the responses themselves? Plaintiffs contend that we should, because an attorney-client relationship was established by the solicitation accompanying the questionnaire and only the

client can waive the privilege. It was, however, an improper solicitation; the relationship, however it can be described, was aborted before it ever was really established; and obviously, a purpose of the questionnaire was discovery. In those circumstances, we do not believe the responses are privileged or that we should distinguish between the factual content and the expression of the factual content.

ENTERED:

James B. Moran
United States District Court Judge

Dated: 3/19/02